[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR PARTIAL SUMMARY JUDGMENT (No. 106)
For the reasons that briefly follow, this motion for partial summary judgment must be granted.
The plaintiff claims damages under a homeowner's policy for the destruction by fire of certain barns on his farm. Unhappily for him, the coverage of his policy does not extend to buildings used for business purposes. The uncontested evidence submitted by the defendant insurance company establishes that the buildings in question here were so used. Our Supreme Court has held that the boarding of horses constitutes a "business pursuit" excluded from the coverage of a homeowner's insurance policy. Pacific IndemnityInsurance Co. v. Aetna Casualty Surety Co., 240 Conn. 26,688 A.2d 319 (1997). The boarding of horses for profit was precisely the business carried on in the buildings in question here. Although Pacific Indemnity teaches that "[t]he determination of whether a particular activity constitutes a business pursuit is to be made by a flexible fact-specific inquiry," id. at 33, the plaintiff in the present case admits that he was indeed engaged in a business pursuit.
The plaintiff contends that the insurance company should have known that the policy did not apply to his horse barns and so advised him. He has not, however, submitted any evidence establishing that he informed the company that he was using the barns for a profit-making enterprise. The best that he can point to is a deposition statement by the insurance agent that the agent understood the plaintiff to be a "gentleman farmer." There is, however, no evidence that the agent knew at the time that the plaintiff was the specific sort of "gentleman" who regularly uses CT Page 4611 the barns on his farm to make a profit.
It is the function of the Court to construe the provisions of the insurance policy. The intent of the parties for entering it must be derived from the four corners of the policy. SpringdaleDonuts, Inc. v. Aetna Casualty Surety Co., 247 Conn. 801, 805,724 A.2d 1117 (1999). The policy here is not ambiguous. The buildings in question were used for business purposes. The policy did not cover them. The plaintiff's claims for building loss under the policy cannot be sustained.
The motion for partial summary judgment is granted.
Jon C. Blue
Judge of the Superior Court